## LOUISIANA *ex rel.* NEW ORLEANS GAS LIGHT COMPANY *v.* CITY COUNCIL OF NEW ORLEANS & Another.

IN ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

Decided May 7th, 1883.

*Constitutional Law—Jurisdiction.*

Where a party seeks a writ of mandamus from a State court to compel a city government of which he is a creditor to apply to the payment of his debt the proceeds of a proposed sale of city property, and to exhaust its powers of taxation, and continue to do so until the relator's debt is paid, and the State court denies the prayer as to the application of the proceeds of sale of the property, on the ground that the State laws require it to be applied to the retirement of other debts of the city, and grants the writ as to the residue of the prayer, no federal question arises.

Petition to the judge of the Fourth District Court of the Parish of Orleans in Louisiana, setting forth that the petitioners are judgment creditors of the city of New Orleans; that the city government has power to levy taxes to an amount named in the petition; that it is about to part with valuable privileges for a large sum of money; and praying that the city government may be required to include in its next

estimate of receipts the proceeds of the sales of the privileges, and in its next budget of expenses the debt of the relators, and to exhaust its powers of taxation and continue to do so till the relator's judgment is paid and satisfied. Pending the proceedings the city government made sale of the privileges and placed the proceeds to the credit of the premium bond fund. The court held that this was rightly done, and granted the petitioners' prayer as to the remainder of their petition. They appealed to the Supreme Court of Louisiana, where the judgment below was sustained. They then brought their writ of error to review the case here.

*Mr. Thomas. J. Semmes* for relators and plaintiffs in error.
*Mr. C. N. Buck* for defendants in error.

Mr. Chief Justice Waite delivered the opinion of the court.
We have no jurisdiction in this case. No title, right, privilege, or immunity set up or claimed by the relator under the Constitution of the United States has been denied him by the judgment of the court below. The prayer of the petition for mandamus was, among other things, that in order to secure a sufficient fund to provide for the payment of certain judgments in favor of the relator against the city of New Orleans, the council of the city might be required, if necessary, to "exhaust their powers of taxation, and continue so to do until relator's judgment is paid and satisfied." No request was made in the petition for a determination of the extent of the power of taxation for the purpose specified. A judgment was entered in the court of original jurisdiction granting the writ in the exact form prayed for. This judgment was affirmed by the supreme court of the State on appeal. After the judgment of affirmance was entered, a rehearing was asked, in order that the judgment of the court of original jurisdiction might be made more clear and specific. This was refused. No right to any specific rate of taxation has been denied. That question has been left unsettled, and there was nothing in the pleadings which required the court to do more than it has done. As the judgment is for a writ requiring the council to do all it has in

law the power to do to raise the money to pay the relator's demand, no right has been denied. While the court might have defined in more exact terms the precise power to be exercised, its omission to do so is not ground for appeal to our jurisdiction.

*It follows that the writ of error in this case must be dismissed for want of jurisdiction, and an order to that effect is made.*